UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| DAKOTA ROBERTS and DAWN MARIE HACKER, individually and on behalf of all persons similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>SIDWELL AIR FREIGHT, INC, and DHL EXPRESS (USA) INC., d/b/a DHL EXPRESS,<br><br>    Defendants. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### I.  CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Dakota Roberts and Dawn Marie Hacker ("Plaintiffs"), through their undersigned counsel, individually, and on behalf of all persons similarly situated, file this Class and Collective Action Complaint ("Complaint") against Defendants Sidwell Air Freight ("Sidwell") and DHL Express (USA) Inc. d.b.a. DHL Express ("DHL")(collectively, "Defendants") seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Washington state law. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## II.      INTRODUCTION

1.      Defendant Sidwell provides last-mile delivery services to Defendant DHL.

2.      Defendants jointly employ non-exempt Courier Drivers, such as Plaintiffs and members of the proposed Collective and Classes, to transport packages from DHL's facilities to DHL's customers ("Courier Drivers").

3.      This case is about Defendants' failure to comply with applicable wage and hour laws and to pay non-exempt Courier Drivers all wages owed—including overtime—for work performed in delivering hundreds of DHL packages each day and meeting DHL's delivery needs throughout Washington and other states.

## III.      JURISDICTION AND VENUE

4.      This action arises under the FLSA, 29 U.S.C. §§ 201-219. As a federal law claim, the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

5.      This Court has supplemental jurisdiction over Plaintiffs' Washington state law claims under 28 U.S.C. § 1367 because the state law claims share a common nucleus of operative facts with the federal law claim.

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendants reside, maintain offices, and/or conduct business in this Judicial District, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this Judicial District.

## IV.      PARTIES

7.      Plaintiff Dakota Roberts is a citizen of Washington and resides in Chehalis, Washington. Plaintiff Roberts worked for Defendants as a Courier Driver in and around the Seattle, Tacoma, and Olympia, Washington areas from October 2016 until February 2021. Pursuant to 29 U.S.C. § 216(b), Plaintiff Roberts has consented to be a plaintiff in this action. *See* Ex. A.

8.      Plaintiff Dawn Marie Hacker is a citizen of Washington and resides in Bremerton, Washington. Plaintiff Hacker has worked for Defendants as a Courier Driver in and around the

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Port Orchard, Silverdale, Poulsbo, Keyport, Bangor, Sequim, Seabeck, Dewatto, and Port

2  Townsend, Washington areas since January 2020. Pursuant to 29 U.S.C. § 216(b), Plaintiff

3  Hacker has consented to be a plaintiff in this action. *See* Ex. B.

4       9.      Defendant Sidwell Air Freight ("Sidwell") is a corporation headquartered at 256

5  N. State St. C, Morgan, UT 84050. Sidwell operates throughout the United States and maintains

6  facilities across Washington, including within this Judicial District.

7       10.     Defendant DHL Express (USA) Inc. d.b.a. DHL Express ("DHL") is an Ohio

8  corporation and is headquartered at DHL's corporate office located at 1210 S. Pine Island Rd.

9  Suite 400, Plantation, FL. DHL operates throughout the United States and maintains facilities

10  across Washington, including within this Judicial District.

11       11.     The unlawful acts alleged in this Complaint were committed by Defendants

12  and/or Defendants' officers, agents, employees, or representatives, while actively engaged in

13  the management of Defendants' businesses or affairs and with the authorization of the

14  Defendants.

15       12.     During times relevant, Plaintiffs were employees of the Defendants and are

16  covered by the FLSA.

17       13.     Each Defendant is an employer covered by the FLSA.

18       14.     Defendants employ individuals, including Courier Drivers, in Washington and

19  other states.

20       15.     Defendants employ individuals engaged in commerce or in the production of

21  goods for commerce and/or handling, selling, or otherwise working on goods or materials that

22  have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-

23  207.

24       16.     Defendants' annual gross volume of sales exceeds $500,000.

25                      **V.      COLLECTIVE DEFINITION**

26       17.     Plaintiffs bring Counts I and II of this lawsuit pursuant to the FLSA, 29 U.S.C. §

27  216(b), as a collective action, individually, and on behalf of the following collective:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

> All current and former Courier Drivers or delivery drivers who were paid by Defendant Sidwell to perform work on behalf of DHL in the United States during the applicable limitations period (the "FLSA Collective").

18. Plaintiffs bring Counts II through IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and the following class:

> All current and former Courier Drivers or delivery drivers who were paid by Defendant Sidwell to perform work on behalf of DHL in the state of Washington during the applicable limitations period (the "Washington Class").

19. The FLSA Collective and the Washington Class are together referred to as the "Classes."

20. Plaintiffs reserve the right to redefine the Classes before notice or certification, and thereafter, as may be warranted or necessary.

## VI.    FACTS

**A.    Defendants Are Joint Employers**

21. Defendant DHL is the world's leading delivery company, with a team of shipping professionals that transport goods to customers across the United States, as well as in other countries and territories, in a short period of time.

22. Defendant DHL holds itself out as a company able to provide domestic and international parcel pickup, delivery, and return solutions for business customers and individual customers, as well as e-commerce solutions and facilitation services.

23. Defendant DHL and the local and regional delivery vendors it partners with, such as Defendant Sidwell, are in the business of delivering goods across the United States.

24. Defendant DHL utilizes local and regional delivery vendors, such as Sidwell, to transport goods across the country to customers in a short period of time.

25. Defendant DHL relies on local and regional delivery vendors, such as Sidwell, for the essential services of transporting goods from DHL facilities to customers' doors as quickly as

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  possible.

2        26.     The local and regional delivery vendors, such as Sidwell, are an integral part of

3  DHL's business. Without the use of delivery vendors, such as Sidwell, DHL could not get their

4  goods to customers.

5        27.     Defendant DHL attempts to shield itself from liability by utilizing third-party

6  delivery vendors, such as Sidwell, to provide the employees to transport their goods.

7        28.     Defendant Sidwell provides delivery services for Defendant DHL at one or more

8  of DHL's ServicePoint locations through the use of Courier Drivers such as Plaintiffs and

9  members of the proposed Collective and Classes.

10        29.     Courier Drivers are engaged to fulfill DHL's delivery needs and to transport goods

11  from DHL ServicePoint locations to DHL customers.

12        30.     Courier Drivers work in the transportation industry.

13        31.     As required by DHL, Sidwell provides Courier Drivers, such as Plaintiffs and other

14  Courier Drivers, with a DHL-branded vehicle. Plaintiff Roberts worked as a Courier Driver for

15  Sidwell from October 2016 until August 2021, making deliveries on behalf of DHL, in and around

16  the Seattle, Tacoma, and Olympia, Washington areas. Plaintiff Hacker has worked as a Courier

17  Driver Sidwell since January 2020, making deliveries on behalf of DHL, in and around the Port

18  Orchard, Silverdale, Poulsbo, Keyport, Bangor, Sequim, Seabeck, Dewatto, and Port Townsend,

19  Washington areas.

20        32.     The goods that Courier Drivers transport from DHL ServicePoint locations to DHL

21  customers originate, or are transformed into their final condition, in a different state than the

22  delivery state.

23        33.     The goods the Courier Drivers transport from DHL ServicePoint locations to DHL

24  customers are not transformed or modified during the shipping process.

25        34.     Courier Drivers deliver goods to DHL customers in the same condition as when

26  they were shipped to the DHL ServicePoint.

27        35.     Courier Drivers deliver goods to DHL customers that were shipped from around

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   the United States.

2        36.    Courier Drivers handle goods that travel interstate.

3        37.    Courier Drivers are directly responsible for transporting goods in interstate

4   commerce.

5        38.    Courier Drivers operate vehicles in order to deliver DHL packages, which is vital

6   to the commercial enterprise of the local and regional delivery vendors and DHL.

7        39.    A strike by Courier Drivers would disrupt interstate commerce.

8        40.    Plaintiffs and other Courier Drivers are necessary in order for DHL goods

9   traveling interstate to make it to their final destination—DHL customers.

10       41.    At all times relevant, DHL has been affiliated with and/or operating with Sidwell,

11  with respect to Plaintiffs and other similarly situated employees, such that DHL and Sidwell are

12  "joint employers" of Plaintiffs and other similarly situated employees.

13       42.    Courier Drivers for the local and regional delivery vendors, including Sidwell, are

14  required to wear DHL-branded uniforms while making deliveries and are further equipped with

15  DHL-branded badges.

16       43.    When Courier Drivers present themselves to DHL customers, they are

17  identifiable as DHL associates.

18       44.    Courier Drivers are provided with a DHL-issued handheld scanner. The handheld

19  scanner is used for navigation assistance, package scanning, and as a phone. The scanner allows

20  DHL to contact and track a Courier Driver's movement and work progress.

21       45.    DHL has direct access to the handheld scanners, which are given to and used by

22  each Courier Driver.

23       46.    DHL assigns and provides routes to local and regional delivery vendors, including

24  Sidwell.

25       47.    DHL oversees and controls the work activities, work schedules, conditions and

26  management of Courier Drivers.

27       48.    Throughout their employment with Defendants, Courier Drivers are required to

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  comply with DHL's operational procedures and in meeting DHL's work expectations.

2      49.    DHL's policies and expectations regarding payment and delivery goals dictated

3  the delivery vendors' ability to pay Courier Drivers properly for their overtime work.

4  **B.    The Nature of Plaintiffs' and Other Courier Drivers' Work**

5      50.    The nature of the work performed by Courier Drivers is similar and standardized

6  at each of the DHL ServicePoints where Sidwell provides services for DHL, as the nature of the

7  work is centrally controlled and directed by Defendants.

8      51.    At all times during the relevant period, Plaintiff Roberts began his shift by driving

9  the DHL van from his home to the designated DHL ServicePoint, where he picked up a handheld

10  scanning device and packages. At all times relevant, Plaintiff Hacker also has begun her shift by

11  driving the DHL van from her home to the designated DHL ServicePoint. Plaintiffs have

12  observed other Courier Drivers working similar schedules.

13      52.    At all times during the relevant period, Plaintiffs and other Courier Drivers have

14  been regularly required to begin their shifts at approximately 6:00 am on weekday mornings.

15      53.    At all times during the relevant period, Plaintiffs and other Courier Drivers have

16  been regularly scheduled to work five or more days per week, with shifts that exceed ten hours

17  in length.

18      54.    Upon information and belief, Plaintiffs and other Courier Drivers have been

19  required to complete all assigned routes regardless of the length of their shifts.

20      55.    Upon information and belief, all of the work-related activities that Plaintiffs and

21  other Courier Drivers have been required to and do perform often takes ten to fourteen hours

22  per day to complete.

23      56.    Plaintiffs have regularly worked in excess of ten hours each workday, sometimes

24  as much as fourteen hours per workday. Plaintiffs have observed that other Courier Drivers

25  have routinely worked similar hours.

26      57.    Plaintiffs regularly worked in excess of forty hours per week. Plaintiffs observed

27  that other Courier Drivers have routinely worked similar hours.

CLASS AND COLLECTIVE ACTION COMPLAINT - 7

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

58.     Defendants unilaterally select the parcels and the quantity to be delivered. Plaintiffs and other Courier Drivers cannot reject delivery assignments.

59.     Due to the volume of work, Plaintiffs have been unable to take rest breaks and have routinely missed meal breaks as well. The missed rest and meal breaks resulted in unpaid off-the-clock work. Plaintiffs have observed that other Courier Drivers routinely work through their rest breaks and meal period and worked off-the-clock.

60.     Defendants have failed to provide Plaintiffs and other Courier Drivers with a thirty-minute meal break for every five hours worked and have failed to ensure that Plaintiffs and Courier Drivers took or are taking all their meal breaks.

61.     Defendants also have failed to provide Plaintiffs and other Courier Drivers with a paid ten-minute rest break for every four hours of work, have required Plaintiffs and other Courier Drivers to work more than three consecutive hours without a rest break, and have failed to ensure that Plaintiffs and other Courier Drivers take proper breaks.

62.     Plaintiffs and other Courier Drivers are non-exempt for overtime purposes.

**C.     Defendants Failed to Pay Courier Drivers Properly**

63.     Plaintiffs and other Courier Drivers have regularly worked more than forty hours per week.

64.     Plaintiffs and other Courier Drivers have regularly worked five or more days per week and ten or more hours per day.

65.     Defendants have been aware that Plaintiffs and other Courier Drivers regularly work more than forty hours per week.

66.     Defendants have not properly compensated Plaintiffs and other Courier Drivers for all hours worked.

67.     Plaintiffs or other Courier Drivers were not paid for all hours worked in excess of forty hours in a workweek and have not paid proper overtime premiums.

68.     Courier Drivers are paid a fixed amount per day, without regard to the number of hours that Courier Drivers worked, and regularly have not paid overtime premiums for all

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   hours worked in excess of forty  in a workweek.

2       69.    Plaintiff Roberts was paid a flat rate totaling $157.50 per day, and he was not

3   paid an overtime premium despite regularly working more than forty hours per week.

4       70.    Plaintiff Hacker is paid a flat rate totaling $150 per day, and she is not paid an

5   overtime premium despite working more than forty hours per week.

6       71.    Plaintiff Roberts regularly worked approximately fifty to sixty hours per week.

7       72.    Plaintiff Hacker has regularly worked approximately fifty to sixty hours per week.

8       73.    Sidwell refers to its flat-rate wage payments as being split into a "Daily Wage"

9   rate and a "Daily Wage Overtime" rate. For example, Sidwell paid Plaintiff Roberts $130 per day

10   as the "Daily Wage" rate and $27.50 per day as the "Daily Wage Overtime" rate. Sidwell

11   likewise paid Plaintiff Hacker $125 per day as the "Daily Wage" rate and $25 per day as the

12   "Daily Wage Overtime" rate.

13       74.    Sidwell's framing of flat-rate payments as being split into a regular flat rate per

14   day and an overtime flat rate per day is a willful attempt to circumvent the FLSA and applicable

15   state law.

16       75.    For example, during the week ending January 31, 2021, Plaintiff Roberts was

17   paid a flat rate of $157.50 per day. Plaintiff Roberts worked five days that week for a total of

18   55.2 hours. His compensation for the week was $787.50 ($157.50 x 5). Therefore, his regular

19   rate of pay for that week was $14.27 ($787.50/55.2). Because Plaintiff Roberts worked in excess

20   of forty hours that week, he should have been paid an overtime premium of $108.45, which

21   equals one-half his regular rate of pay ($7.14) multiplied by the 15.2 hours of overtime that he

22   worked.

23       76.    As a further example, during the week ending June 27, 2021, Plaintiff Hacker was

24   paid a flat rate of $150.00 per day. Plaintiff Hacker worked four days that week, and her total

25   hours for the week were more than forty. Her compensation for the week was $600 ($150.00 x

26   4). Because Plaintiff Hacker worked in excess of forty hours that week, she should have been

27   paid an overtime premium equal to one-half her regular rate of pay multiplied by the hours of

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  overtime she worked.

2       77.    Defendants have paid and do pay Courier Drivers, such as Plaintiffs, pursuant to

3  the same unlawful flat-rate pay policy, without paying overtime premiums for all hours of work

4  performed in excess of forty hours per workweek.

5       78.    Defendants' unlawful flat-rate policy, in which Plaintiffs and other Courier

6  Drivers are not compensated for all time worked and are not paid overtime premiums for all

7  hours worked in excess of forty per workweek, does not comply with the requirements of the

8  FLSA and applicable state law.

9       79.    Defendants have not accurately recorded and tracked all of the hours worked by

10  Plaintiffs and other Courier Drivers and therefore have failed to compensate Plaintiffs and the

11  proposed collective action members at one and one-half times the regular rate of pay for hours

12  worked over forty hours in a week.

13       80.    In addition, Defendants have failed to make, keep, and preserve records with

14  respect to Plaintiffs and other Courier Drivers sufficient to determine their lawful wages, actual

15  hours worked, and other conditions of employment as required by federal and state law. *See* 29

16  U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain

17  payroll records for three years and time sheets for two years, including the exact number of

18  hours worked each day and each week); WAC 296-126-050 (requiring "[e]very employer shall

19  keep for at least three years a record of the name, address, and occupation of each employee,

20  dates of employment, rate or rates of pay, amount paid each pay period to each such employee

21  and the hours worked"); WAC 296-128-010(6) (requiring employer to keep records of the

22  "[h]ours worked each workday and total hours worked each week"); WAC 296-128-020

23  (requiring employers to maintain those records for at least three years).

24  **D.**    **The Failure to Properly Pay Courier Drivers Is Willful**

25       81.    Defendants' actions in violation of the FLSA were or are made willfully in an

26  effort to avoid liability under the FLSA.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CLASS AND COLLECTIVE ACTION COMPLAINT - 10

1    82.    Even though the FLSA and applicable state law requires overtime premium

2  compensation for hours worked over forty hours per week, Defendants did not and do not pay

3  Courier Drivers, such as Plaintiffs, proper overtime compensation for overtime hours worked.

4    83.    Defendants know, or absent their own recklessness should have known, that the

5  Courier Drivers are or were entitled to such overtime premiums.

6    84.    Defendants have failed to pay Plaintiffs and other Courier Drivers all overtime

7  compensation owed.

8    85.    By failing to pay all the compensation owed to Plaintiffs and other Courier

9  Drivers, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA

10  provisions.

11    86.    Defendants have not made good-faith efforts to comply with the FLSA and

12  applicable state law.

13    **VII.    COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

14    87.    Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action

15  on behalf of the FLSA Collective defined above.

16    88.    Plaintiffs desire to pursue his FLSA claims on behalf of any individuals who opt-in

17  to this action pursuant to 29 U.S.C. § 216(b).

18    89.    Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in

19  29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants'

20  previously described common pay practices and, as a result of such practices, were not paid for

21  all hours worked and were not paid the full and legally mandated overtime premium for hours

22  worked over forty during the workweek. Resolution of this action requires inquiry into common

23  facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll

24  practices.

25    90.    Specifically, Defendants have failed to compensate Plaintiffs for all hours worked

26  and have failed to pay overtime at one-and-a-half times the employee's regular rate as required

27  by the FLSA for hours worked in excess of forty per workweek.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

91.     The similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' business records and the records of any payroll companies Defendants use.

92.     Defendants employ many FLSA Collective Members throughout Washington and other states. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**VIII.     CLASS ACTION ALLEGATIONS**

93.     Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of t and the Washington Class as defined above.

94.     The members of the Washington Class are so numerous and dispersed that joinder of all the members is impracticable. On information and belief, there are between 50 and 100 members of the Washington Class.

95.     Plaintiffs will fairly and adequately represent and protect the interests of the Washington Class because there is no conflict between the claims of Plaintiffs and those of the members he seeks to represent and because Plaintiffs' claims are typical of the claims of the members he seeks to represent. Plaintiffs' undersigned counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like the one at bar.

96.     There are questions of law and fact common to the proposed Washington Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendants violated and continue to violate Washington law through their policies and practices of not paying their Courier Drivers for all hours worked and overtime compensation.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

97.     Plaintiffs' claims are typical of the claims of the Washington Class in the following ways, without limitation: (a) Plaintiffs are members of the Washington Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Washington Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the Washington Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the Washington Class; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Washington Class members.

98.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Washington Class predominate over any questions affecting only individual Class members. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Washington Class members are readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the Washington Class would create the risk of inconsistent or varying adjudications with respect to individual Washington Class members that would establish incompatible standards of conduct for Defendants.

99.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Washington class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

100.    Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiffs and the Washington Class. Plaintiffs envision no difficulty in the management of this action as a class action.

### IX.    COUNT I
### FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (On Behalf of Plaintiffs and the FLSA Collective)

101.    Plaintiffs restate and incorporates by reference the above paragraphs.

102.    Under 29 U.S.C. § 216(b), Plaintiffs bring this count on behalf of themselves and the FLSA Collective.

103.    Because they were hired, paid, and had their work controlled by Defendants, Plaintiffs and members of the FLSA Collective each qualify as an "employee" under 29 U.S.C. § 203(e)(1).

104.    Based on their business operations in package delivery, Defendants are each an "employer" engaged in interstate commerce under 29 U.S.C. § 203(d).

105.    At all relevant times, as part of Defendants' business operations, Plaintiffs and members of the FLSA Collective were engaged in interstate commerce and/or in the production of goods for commerce under 29 U.S.C. § 207(a).

106.    29 U.S.C. § 207 requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

107.    Plaintiffs and Collective Members are not exempt from the requirements of the FLSA.

108.    As employers of Plaintiffs and the FLSA Collective, Defendants suffered and permitted Plaintiffs and members of the FLSA Collective to work more than forty hours per workweek within the statutory period without paying them overtime compensation required by 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

109.    Defendants' actions, policies, and practices described above violated the FLSA's overtime requirement because Defendants regularly and repeatedly failed to pay required

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    overtime compensation to Plaintiffs and members of the FLSA Collective.

2        110.    Defendants also failed to create, keep, and preserve accurate records with

3    respect to work performed by the Plaintiffs and Collective Members sufficient to determine

4    their wages, hours, and other conditions of employment in violation of the FLSA, 29 U.S.C. §

5    211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

6        111.    In violating the FLSA, Defendants acted willfully and with reckless disregard of

7    clearly applicable FLSA provisions.

8        112.    As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs

9    and members of the FLSA Collective have suffered damages. Plaintiffs and the FLSA Collective

10   are entitled to recover actual damages, liquidated damages, prejudgment interest, attorneys'

11   fees, and costs under 29 U.S.C. § 216(b).

12       113.    Defendants are liable under the FLSA for failing to properly compensate Plaintiffs

13   and members of the FLSA Collective. As a result, notice should be sent to the FLSA Collective.

14   There are many similarly situated current and former employees of Defendants who have

15   suffered from Defendants' practice of denying overtime pay and who would benefit from the

16   issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly

17   situated employees are known to Defendants and are readily identifiable through Defendants'

18   records.

19   ### X.    COUNT II
20   ### WASHINGTON MINIMUM WAGE ACT
     ### FAILURE TO PAY OVERTIME
21   ### (On Behalf of Plaintiffs and the Washington Class)

22       114.    Plaintiffs restate and incorporate by reference the above paragraphs.

23       115.    Plaintiffs and the Washington Class Members were at all relevant times

24   employees under RCW 49.46.010(3).

25       116.    RCW 49.46.130 requires employers to pay employees one and one-half times the

26   regular rate at which they are employed for all hours worked over forty per workweek.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

117.     RCW 49.46.090 makes employers who violate RCW 49.46.130 liable to the affected employees in the amount of unpaid wages, costs, attorneys' fees, and other appropriate relief under the law.

118.     Defendants' actions, policies, and practices as described above violated RCW 49.46.130 because Defendants regularly and repeatedly failed to compensate Plaintiffs and the Washington Class at the required overtime rate.

119.     By failing to accurately record, report, or preserve records of hours worked by Plaintiffs and the Washington Class, Defendants have failed to make, keep, and preserve records about each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of Washington law. *See* WAC 296-126-050 (requiring "[e]very employer shall keep for at least three years a record of the name, address, and occupation of each employee, dates of employment, rate or rates of pay, amount paid each pay period to each such employee and the hours worked"); WAC 296-128-010(6) (requiring employer to keep records of the "[h]ours worked each workday and total hours worked each week"); WAC 296-128-020 (requiring employers to maintain those records for at least three years).

120.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Washington Class have suffered damages. Plaintiffs and the Washington Class are entitled to recover actual damages, prejudgment interest, attorneys' fees, and costs.

### XI.     COUNT III
**FAILURE TO PROVIDE MEAL AND REST BREAKS
AND ENSURE THOSE BREAKS ARE TAKEN
(On Behalf of Plaintiffs and the Washington Class)**

121.     Plaintiffs restate and incorporate by reference the above paragraphs.

122.     RCW 49.12.010 provides:

> The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect.

123.    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

124.    Pursuant to RCW 49.12.005(5) and WAC 296-126-002(9), conditions of labor "means and includes the conditions of rest and meal periods" for employees.

125.    WAC 296-126-092 provides:

(1)    Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. No employee shall be required to work more than five consecutive hours without a meal period.

(2)    Employees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period.

(3)    Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

(4)    Where the nature of the work allows employees to take intermittent rest periods equivalent to ten minutes for each four hours worked, scheduled rest periods are not required.

126.    Defendants implemented a policy and practice of failing to provide Plaintiffs and the Washington Class Members with the meal and rest breaks to which they were entitled,

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  failing to ensure those breaks were taken, failing to record missed breaks, and failing to pay for

2  missed breaks.

3       127.    Because Plaintiffs and Washington Class members have failed to receive the

4  meal and rest breaks to which they were entitled, Defendants have violated WAC 296-126-092.

5       128.    Because Plaintiffs and Washington Class members were constantly engaged in

6  work activities during their paid rest breaks in violation of the WAC 296-126-092, Plaintiffs and

7  Washington Class members should be additionally compensated for ten minutes each for each

8  rest break missed. See *Washington State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wn.2d

9  822, 287 P.3d 516 (2012).

10      129.    Because Plaintiffs and Washington Class members were constantly engaged in

11  work activities during their paid meal breaks in violation of the WAC 296-126-092, Plaintiffs and

12  Washington Class members should be additionally compensated for thirty minutes each for

13  each meal break missed.  The additional thirty minutes for missed meal breaks is additional

14  overtime hours worked.

15      130.    Because Plaintiffs and Washington Class members were constantly engaged in

16  work activities during their paid meal breaks in violation of the WAC 296-126-092, Plaintiffs and

17  Washington Class members should be additionally compensated for thirty minutes for each

18  meal break missed. *See Hill v. Garda CL Nw., Inc.*, 198 Wn. App. 326, 361-62, 394 P.3d 390

19  (2017) ("We hold that treating violations of meal period requirements as wage violations is

20  consistent with *Wingert*."), *rev'd on other grounds*, 191 Wn.2d 553, 424 P.3d 207 (2018).

21      131.    As a result of these unlawful acts, Plaintiffs and the Washington Class have been

22  deprived of compensation in amounts to be determined at trial. Plaintiffs and the Washington

23  Class are entitled to the recovery of such damages, including interest thereon, and attorneys'

24  fees and costs under RCW 49.48.030.

25

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## XII.    COUNT IV
### WASHINGTON WAGE REBATE ACT
### WILLFUL REFUSAL TO PAY WAGES
### (On Behalf of Plaintiffs and the Washington Class)

132.    Plaintiffs restate and incorporate by reference the above paragraphs.

133.    Plaintiffs and the Washington Class Members were at all relevant times employees under RCW 49.46.010(3) and RCW 49.52.050.

134.    RCW 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

135.    Defendants' violations of RCW 49.46.130, RCW 49.12.020, and WAC 296-126-092, as discussed above, have been willful and thus violate RCW 49.52.050.

136.    RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 is liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

137.    As a result of the willful, wrongful acts of Defendants, Plaintiffs and the Washington Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiffs and the Washington Class are therefore entitled to recover twice such damages as well as attorneys' fees and costs.

## XIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

A.    An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B.    Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  C.      An order permitting this litigation to proceed as a class action pursuant to Fed. R.

2  Civ. P. 23 on behalf of the Washington Class;

3  D.      For unpaid wages as may be owed and prejudgment interest to the fullest extent

4  permitted under the law;

5  E.      Liquidated and exemplary damages to the fullest extent permitted under the

6  law;

7  F.      Litigation costs, expenses and attorneys' fees to the fullest extent permitted

8  under the law; and

9  G.      Such other and further relief as this Court deems just and proper.

10  **XIV.   JURY DEMAND**

11  Plaintiffs demand a trial by jury for all issues of fact.

12  RESPECTFULLY SUBMITTED AND DATED this 14th day of December, 2021.

13                          TERRELL MARSHALL LAW GROUP PLLC

14
                          By: /s/Toby J. Marshall, WSBA #32726
15                            Toby J. Marshall, WSBA #32726
                              Email: tmarshall@terrellmarshall.com
16                            Jennifer Rust Murray, WSBA #36983
                              Email: jmurray@terrellmarshall.com
17                            Ryan Tack-Hooper, WSBA #56423
                              Email: ryan@terrellmarshall.com
18                            936 North 34th Street, Suite 300
                              Seattle, Washington 98103
19                            Telephone: (206) 816-6603
                              Facsimile: (206) 319-5450
20

21

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Camille Fundora Rodriguez, *Pro Hac Vice Forthcoming*
Email: crodriguez@bm.net
Alexandra K. Piazza, *Pro Hac Vice Forthcoming*
Email: apiazza@bm.net
Reginald Streater, *Pro Hac Vice Forthcoming*
Email: rstreater@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620

*Attorneys for Plaintiffs and the
Proposed Collective and Class*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com