THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

DAKOTA ROBERTS and DAWN MARIE HACKER, individually and on behalf of all persons similarly situated,

Plaintiffs,

v.

SIDWELL AIR FREIGHT, INC, and DHL EXPRESS (USA) INC., d/b/a DHL EXPRESS,

Defendants.

Case No.: 3:21-cv-05912-BHS

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE AND EQUITABLE TOLLING**

**NOTED FOR CONSIDERATION: AUGUST 12, 2022**



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**


Page

I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 2

A. Procedural history ..... 2

B. The Parties ..... 3

1. Defendants ..... 3

2. Plaintiffs and the proposed FLSA Collective ..... 3

a. The nature of services Sidwell provides to DHL ..... 3

b. Courier Drivers are subject to the same flat rate compensation scheme ..... 4

c. Plaintiff and all Collective Members share similar job duties, schedules, and responsibilities regardless of site location ..... 4

d. Plaintiffs and the Collective Members worked substantial amounts of uncompensated overtime ..... 5

III. AUTHORITY AND ARGUMENT ..... 7

A. The Court should conditionally certify the proposed collective and authorize timely notice to similarly situated employees ..... 7

B. Plaintiffs meet the lenient similarly situated standard ..... 8

C. Plaintiffs' FLSA claim should be conditionally certified because Plaintiffs have established a factual basis to support their allegations of a common pay policy affecting courier drivers ..... 9

D. The Court should approve the proposed notice forms and order Defendants to produce identifying information for similarly situated employees ..... 12

1. Plaintiffs' proposed notice forms are accurate and informative, and the proposed notice methods are appropriate ..... 12




TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2. A reminder notice is appropriate ..... 13

3. The Court should order Defendants to produce information necessary for Plaintiffs to disseminate notice to the proposed collective ..... 14

E. The Court should equitably toll the statute of limitations for potential opt-in Plaintiffs ..... 15

IV. CONCLUSION ..... 15




TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF AUTHORITIES**

**Page**

*Adams v. Nature's Expressions Landscaping Inc.*,
No. 5:16-cv-00098-JMH, 2016 WL 6471455 (E.D. Ky. Nov. 1, 2016) .......................... 10

*Akins v. Worley Catastrophe Response, LLC*,
No. 12-cv-2401, 2013 WL 1412371 (E.D. La. Apr. 8, 2013) ....................................... 11

*Atkinson v. TeleTech Holdings, Inc.*,
No. 14-cv-253, 2015 WL 853234 (S.D. Ohio Feb. 26, 2015) ....................................... 12

*Bazzell v. Body Contour Centers, LLC*,
C16-0202JLR, 2016 WL 3655274 (W.D. Wash. July 8, 2016) ................................ 12, 13

*Bolding v. Banner Bank*,
No. 17-cv-0601 (RSL), 2017 WL 6406136 (W.D. Wash. Dec. 15, 2017) .................... 8, 9

*Bollinger v. Residential Capital, LLC*,
761 F. Supp. 2d 1114 (W.D. Wash. 2011) .......................................................7, 8, 9, 12

*Cruz v. ConocoPhillips*,
208 F. Supp. 3d 811 (S.D. Tex. 2016) ......................................................................... 10

*Douglas v. Xerox Bus. Servs. LLC*,
No. 12-cv-1798, 2014 WL 3396112 (W.D. Wash. July 10, 2014) ............................ 9, 15

*Guy v. Casal Institute of Nevada, LLC*,
No. 2:13-cv-2263, 2014 WL 1899006 (D. Nev. May 12, 2014) .................................. 13

*Heagney v. European Am. Bank*,
122 F.R.D. 125 (E.D.N.Y. 1988) ........................................................................... 8

*Hickman v. TL Transportation, LLC*,
318 F. Supp. 3d 718 (E.D. Pa. 2018) ............................................................... 4, 9

*Hipp v. Liberty Nat'l Life Ins. Co.*,
252 F.3d 1208 (11th Cir. 2001) ............................................................................. 8

*Hoffmann-La Roche Inc. v. Sperling*,
493 U.S. 165 (1989) .........................................................................7, 12, 14



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Ison v. Markwest Energy Partners LP*,
No. CV 3:21-0333, 2021 WL 5989084 (S.D. W. Va. Dec. 17, 2021) ............................ 10

*Khadera v. ABM Indus., Inc.*,
701 F. Supp. 2d 1190 (W.D. Wash. 2010) ..................................................................... 9

*Kibodeaux v. Wood Grp. Prod. & Consulting Servs., Inc.*,
No. 4:16-cv-3277, 2017 WL 1956738 (S.D. Tex. May 11, 2017)................................. 10

*Kidd v. Mathis Tire & Auto Serv., Inc.*,
No. 14-cv-2298, 2014 WL 4923004 (W.D. Tenn. Sept. 18, 2014)............................... 14

*Knox v. Jones Grp.*,
208 F. Supp. 3d 954 (S.D. Ind. 2016)........................................................................... 13

*Leuthold v. Destination Am., Inc.*,
224 F.R.D. 462 (N.D. Cal. 2004) .................................................................................... 8

*Maudlin v. Johnny Kynard Logging, Inc.*,
No. 08-cv-307, 2009 WL 455479 (S.D. Ala. Feb. 20, 2009)......................................... 11

*McElwee v. Bryan Cowdery, Inc.*,
No. 2:21-CV-1265, 2021 WL 5027410 (S.D. Ohio Oct. 29, 2021) ............................... 10

*McNutt v. Swift Transp. Co. of Az., LLC*,
No. C18-5668 BHS, 2020 WL 3819239 (W.D. Wash. 2020)........................................ 15

*McQueary v. Confluence Energy, LLC*,
No. 14-cv-2274, 2015 WL 1186603 (D. Colo. Mar. 12, 2015) .................................... 11

*Morris v. Lettire Const., Corp.*,
896 F. Supp. 2d 265 (S.D.N.Y. 2012) .......................................................................... 14

*Orquiza v. Walldesign, Inc.*,
No. 11-cv-1374, 2012 WL 3561971 (D. Nev. Aug. 16, 2012)......................................... 8

*Prejean v. O'Brien's Response Mgmt., Inc.*,
Nos. 12-1045, 12-1716, 12-1533, 2013 WL 5960674 (E.D. La. Nov. 6, 2013)........ 11, 12

*Randolph v. Centene Mgmt. Co.*,
No. 14-cv-5730, 2015 WL 2062609 (W.D. Wash. May 4, 2015)................................... 7



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Rhodes v. Truman Med. Ctr., Inc.*,
No. 13-cv-990, 2014 WL 4722285 (W.D. Mo. Sept. 23, 2014) .................................. 12

*Rodriguez v. Stage 3 Separation, LLC*, Slip Op.,
No. 14-cv-603 (W.D. Tex. Mar. 16, 2015) ................................................................ 13

*Sanchez v. Sephora USA, Inc.*,
No. 11-cv-3396, 2012 WL 2945753 (N.D. Cal. July 18, 2012)).................................... 13

*Sandel v. Fairfield Indus., Inc.*,
No. 13-cv-1596, 2014 WL 13799021 (S.D. Tex. Apr. 8, 2014) .................................... 11

*Senne v. Kan. City Royals Baseball Corp.*,
No. 14-cv-608, 2015 WL 6152476 (N.D. Cal. Oct. 20, 2015) ...................................... 13

*Syed v. M-I, L.L.C.*,
No. 1:12-cv-1718, 2014 WL 6685966 (E.D. Cal. Nov. 26, 2014) ................................. 13

*Tamez v. BHP Billiton Petroleum (Americas), Inc.*,
No. 5:15-CV-330-RP, 2015 WL 7075971 (W.D. Tex. Oct. 5, 2015) ............................. 11

*Thomas v. Kellogg Co.*,
No. 13-cv-5136, 2014 WL 716152 (W.D. Wash. Jan. 9, 2014)..................................... 14

*Thrower v. UniversalPegasus, Int'l Inc.*,
484 F. Supp. 3d 473 (S.D. Tex. 2020) ........................................................................ 10

*Troy v. Kehe Food Distribs., Inc.*,
276 F.R.D. 642 (W.D. Wash. 2011) .............................................................................. 8

*Waltz c. Aveda Transp. & Energy Servs., Inc.*,
No. 4:16-cv-00469, 2016 WL 7440267 (M.D. Pa. Dec. 27, 2016) ............................... 10

**STATUTES**

29 U.S.C. § 201, *et seq.*............................................................................................... 1

29 U.S.C. § 216(b)........................................................................................................ 7, 8



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

This is a straightforward collective and class action against Defendants Sidwell Air Freight ("Sidwell") and DHL Express (USA) Inc. d.b.a. DHL Express ("DHL") (collectively, "Defendants") that arises out of Defendants' unlawful employment policies and practices. Those unlawful policies and practices include failing to pay overtime compensation to Plaintiffs and similarly situated employees who deliver packages ("Courier Drivers") in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Washington state law. Courier Drivers are similarly situated in that they all: 1) are paid pursuant to the same flat rate compensation policy that violates the FLSA and state wage and hour laws as a matter of law; 2) are subject to a similar reporting structure; 3) receive similar training; 4) perform similar job duties; and 5) routinely work over 40 hours in a workweek. This is precisely the type of case that should be conditionally certified under the FLSA.

Plaintiffs support these allegations with the pleadings on file. This showing is more than sufficient to meet the lenient standard that courts apply when evaluating motions for court-authorized FLSA notices. Notice is necessary so that other Collective Members, all of whom worked for Defendants, can find out about their right to join this case, toll the statute of limitations on their claims, and collectively vindicate their unpaid wage claims.

Plaintiffs seeks to send notice to:

> All current and former Courier Drivers or delivery drivers who were paid by Defendant Sidwell to perform work on behalf of DHL in the United States between [start date that includes 81 days of tolling] and the present.[1]

Plaintiffs further request that the Court enter an order providing the following relief:

1. Directing Defendants to produce to Plaintiffs within seven days of the entry of the Court's order:

---

[1] The statute of limitations was tolled from February 7, 2022 to April 29, 2022 for all Collective Members, a period of eighty-one (81) days. *See* Dkt. Nos. 15, 16.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

> A list, in electronic, delimited, and importable format, of all members of the collective action, as defined above, including each member's: (1) name, (2) last known mailing address, (3) last known telephone number, (4) last known personal email address, (5) job title, (6) dates and location of employment, (7) employee number, (8) date of birth, and (9) Social Security number (last four digits only).

2. Approving the form and content of Plaintiffs' proposed judicial notice, reminder notice, and consent form, all of which are attached as Exhibits 1-3 to the Declaration of Toby J. Marshall in Support of Plaintiffs' Motion for Conditional Certification and Judicial Notice ("Marshall Declaration")[2];

3. Authorizing Plaintiffs to send the proposed judicial notice to all Collective Members via U.S. Mail and email, as well as via website, and to send a reminder notice 45 days before the expiration of the opt-in period; and

4. Providing Collective Members 90 days from the time notice is initially sent out to opt-in and join the lawsuit.

## II. STATEMENT OF FACTS

### A. Procedural history.

On December 14, 2021, Plaintiffs Dakota Roberts and Dawn Hacker filed this lawsuit against Defendants on behalf of themselves and similarly situated employees who failed to receive overtime wages for hours worked in excess of forty (40) per week. In the Complaint, Plaintiffs assert claims under the FLSA on behalf of a proposed collective and under Washington law on behalf of a proposed class. (Dkt. No. 1.)

On February 7, 2022, the Parties agreed to mediate the claims in the Complaint and requested a stay of the litigation, which the Court granted. (Dkt. Nos. 15, 16.) On April 29, 2022, Plaintiffs notified the Court that Sidwell decided not to mediate the claims in the Complaint. (Dkt. No. 20.) DHL filed its Answer on May 5, 2022 (Dkt. No. 21), and Sidwell filed its Answer on May 18, 2022 (Dkt. No. 25).

---

[2] All exhibits are attached to the Marshall Declaration.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**B. The Parties.**

1. Defendants.

Defendant Sidwell provides delivery services and transports goods for Defendant DHL at one or more of DHL's ServicePoint locations via the use of Courier Drivers such as Plaintiffs and other members of the proposed Collective and Class in this case. DHL utilizes Sidwell's Courier Drivers to fulfill DHL's delivery needs and to transport goods from DHL ServicePoint locations to DHL customers. During their workday, Courier Drivers routinely work shifts that exceed forty (40) hours and weeks in which Courier Drivers work five or more days. Despite these long days and weeks, Defendants do not pay their Courier Drivers overtime compensation for hours worked over forty in a workweek. Defendants employed Plaintiffs and continue to employ members of the proposed FLSA collective. *Id*. ¶¶ 11, 14.

2. Plaintiffs and the proposed FLSA Collective.

*a. The nature of services Sidwell provides to DHL.*

Sidwell provides last-mile delivery services to DHL in Washington and other states, such as Texas, Arizona, Oregon, Utah, Idaho, New Mexico, and Ohio. Compl. ¶ 9, Dkt. No. 1; Ex. 4, Corporate Filings; Ex. 5, Job Descriptions. Sidwell provides Courier Drivers to DHL to transport packages from DHL's facilities to DHL's customers. DHL utilizes local/regional vendors, such as Sidwell, for its essential service of transporting goods from DHL facilities to customers' doors as quickly as possible. Indeed, Courier Drivers: (1) deliver the goods in the exact condition they are received from DHL at the DHL ServicePoint locations; (2) operate DHL-decaled vehicles while delivering DHL goods (Compl. ¶ 31; DHL Answer ¶ 31; SAF Answer ¶ 31); (3) are provided, and wear, DHL-issued uniforms (Compl. ¶ 42; DHL Answer ¶ 42; SAF Answer ¶ 42); (4) are provided with a DHL-issued handheld scanner—which are used for navigation assistance, package scanning, as a phone (Compl. ¶ 44; DHL Answer ¶ 44; SAF Answer ¶ 44); (5) are identified to customers as DHL drivers (Compl. ¶ 43); (6) schedules are provided and controlled by DHL; and



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(7) are expected to comply with DHL's operational procedures and to meet DHL's work expectations.

*b. Courier Drivers are subject to the same flat rate compensation scheme.*

Courier Drivers are paid pursuant to a uniform flat rate pay policy for each day that they perform work. Compl. ¶¶ 68-78; Ex. 6, Declaration of Plaintiff Dakota Roberts ("Roberts Decl.") at ¶ 23; Ex. 7, Declaration of Plaintiff Dawn Marie Hacker ("Hacker Decl.") at ¶ 22. Courier Drivers were paid a flat day rate and were not paid overtime compensation even though they often worked more than 40 hours per week. Compl. ¶¶ 68-78.

Courier Drivers were paid using the same pay scheme, regardless of geographic location. Compl. ¶¶ 68-78; Ex. 5, Job Postings. Plaintiffs contend that this pay scheme violates the FLSA as a matter of law, and has been held to violate the FLSA in the matter *Hickman v. TL Transportation, LLC*, 318 F. Supp. 3d 718 (E.D. Pa. 2018) (holding a flat day rate pay scheme violated the FLSA as it did not take into account hours actually worked).

*c. Plaintiff and all Collective Members share similar job duties, schedules, and responsibilities regardless of site location.*

Plaintiff Roberts worked as a Courier Driver for Sidwell from October 2016 until August 2021, making deliveries on behalf of DHL, in and around the Seattle, Tacoma, and Olympia, Washington areas. Plaintiff Hacker has worked as a Courier Driver Sidwell since January 2020, making deliveries on behalf of DHL, in and around the Port Orchard, Silverdale, Poulsbo, Keyport, Bangor, Sequim, Seabeck, Dewatto, and Port Townsend, Washington areas. Courier Drivers transport goods from DHL ServicePoint locations to DHL customers. Compl. ¶¶ 7, 8. The nature of the work performed by Courier Drivers is similar and standardized at each of the DHL ServicePoints where Sidwell provides services for DHL, as the nature of the work is centrally controlled and directed by Defendants. Compl. ¶ 50. Plaintiffs and other Courier Drivers have been regularly scheduled to work five or more days per week, with shifts that exceed ten hours in length. Compl. ¶¶ 53, 56, 57, 63, 64; Roberts Decl. ¶¶ 16, 17, 22; Hacker Decl. ¶ 16, 21; Ex. 5,



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Job Postings. Plaintiffs and other Courier Drivers have been required to complete all assigned routes regardless of the length of their shifts. Compl. ¶ 54; Roberts Decl. ¶ 18; Hacker Decl. ¶ 17.

Plaintiffs and Courier Drivers use handheld scanners for navigation assistance, package scanning, and as a phone. Compl. ¶¶ 44, 45, 51; Roberts Decl. ¶ 9; Hacker Decl. ¶¶ 9, 13. DHL has direct access to these devices, which are given to and used by each and every Courier Driver. Compl. ¶45.

*d. Plaintiffs and the Collective Members worked substantial amounts of uncompensated overtime.*

Courier Drivers were regularly scheduled to work five (5) days or more a week, with each shift entailing ten (10) hours or more. Compl. ¶¶ 53, 55, 56, 64; Roberts Decl. ¶¶ 16-17; Hacker Decl. ¶ 16; Ex. 5, Job Postings. Plaintiff Roberts began his shift by driving the DHL van from his home to the designated DHL ServicePoint, where he picked up a handheld scanning device and packages. At all times relevant, Plaintiff Hacker also has begun her shift by driving the DHL van from her home to the designated DHL ServicePoint. Plaintiffs have observed other Courier Drivers working similar schedules. Plaintiffs and other Courier Drivers have been regularly required to begin their shifts at approximately 6:00 am on weekday mornings.

Courier Drivers work off the clock during lunch, breaks, and after hours in order to complete all required work. Compl. ¶¶ 59-61; Roberts Decl. ¶ 19; Hacker Decl. ¶ 18. Plaintiffs and other Courier Drivers have been required to complete all assigned routes regardless of the length of their shifts. Compl. ¶ 54; Roberts Decl. ¶ 18; Hacker Decl. ¶ 17.

Plaintiffs and other Courier Drivers regularly work more than forty hours per week, but were not properly compensated for all hours worked. Courier Drivers are paid a fixed amount per day, without regard to the number of hours that Courier Drivers worked, and regularly have not been paid overtime premiums for all hours worked in excess of forty in a workweek.

Plaintiff Roberts was paid a flat rate totaling $157.50 per day and Plaintiff Hacker was paid a flat rate totaling $150 per day. Other Courier Drivers are paid a flat rate no matter the



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

location. *See* Ex. 5, Job Postings (varying flat rates of $110 to $200 per day). Plaintiffs regularly worked approximately fifty to sixty hours per week. Plaintiffs were not paid an overtime premium despite regularly working more than forty hours per week.

Sidwell refers to its flat-rate wage payments as being split into a “Daily Wage” rate and a “Daily Wage Overtime” rate. For example, Sidwell paid Plaintiff Roberts $130 per day as the “Daily Wage” rate and $27.50 per day as the “Daily Wage Overtime” rate. Compl. ¶¶ 69, 73; Roberts Decl. ¶ 23. Sidwell likewise paid Plaintiff Hacker $125 per day as the “Daily Wage” rate and $25 per day as the “Daily Wage Overtime” rate. Compl. ¶¶ 70, 73; Hacker Decl. ¶ 22. Sidwell’s framing of flat-rate payments as being split into a regular flat rate per day and an overtime flat rate per day is a willful attempt to circumvent the FLSA and applicable state law. Compl. ¶¶ 73-74.

For example, during the week ending January 31, 2021, Plaintiff Roberts was paid a flat rate of $157.50 per day. Plaintiff Roberts worked five days that week for a total of 55.2 hours. His compensation for the week was $787.50 ($157.50 x 5). Therefore, his regular rate of pay for that week was $14.27 ($787.50/55.2). Because Plaintiff Roberts worked in excess of forty hours that week, he should have been paid an overtime premium of $108.45, which equals one-half his regular rate of pay ($7.14) multiplied by the 15.2 hours of overtime that he worked. Compl. ¶ 75; *see also* Roberts Decl. ¶¶ 23-24.

As a further example, during the week ending June 27, 2021, Plaintiff Hacker was paid a flat rate of $150.00 per day. Plaintiff Hacker worked four days that week, and her total hours for the week were more than forty. Her compensation for the week was $600 ($150.00 x 4). Because Plaintiff Hacker worked in excess of forty hours that week, she should have been paid an overtime premium equal to one-half her regular rate of pay multiplied by the hours of overtime she worked. Compl. ¶ 76; *see also* Hacker Decl. ¶¶ 22-23.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Simply put, Defendants treated Plaintiffs and the other Collective Members who worked out of Defendants' ServicePoint locations, uniformly in terms of compensation scheme, job duties, and work schedules, such that conditional certification of the group is appropriate here.

## III. AUTHORITY AND ARGUMENT

### A. The Court should conditionally certify the proposed collective and authorize timely notice to similarly situated employees.

The FLSA authorizes employees to sue for unpaid overtime wages in a "collective action" on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). The collective action mechanism serves the "broad remedial goal" of the FLSA because it avoids a "multiplicity of duplicative suits" by allowing employees whose claims are often small and not likely to be brought on an individual basis to join together and "pool[ ] resources" to lower costs and efficiently resolve common issues of law and fact. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-73 (1989); *see also Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011) ("FLSA collective actions serve to lower the cost of litigation for individual claimants and promote efficiency in resolution of claims and the use of judicial resources.").

The benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the [case], so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170. Unlike a class action under Federal Rule of Civil Procedure 23, in which employees are members of the class unless they affirmatively opt out, each individual member or "party plaintiff" of an FLSA collective action must affirmatively opt in to the case by filing a written consent to join the suit. Until those individuals opt in, the statute of limitations on their claims continues to run, making timely notice critical. *See Bollinger*, 761 F. Supp. 2d at 1122; *see also Randolph v. Centene Mgmt. Co.*, No. 14-cv-5730, 2015 WL 2062609, at *4 (W.D. Wash. May 4, 2015) (quoting *Hoffmann-La Roche*, 493 U.S. at 170).



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Courts follow a two-stage approach to adjudicating collective actions. *See Bolding v. Banner Bank*, No. 17-cv-0601 (RSL), 2017 WL 6406136, at *1 (W.D. Wash. Dec. 15, 2017) ("In the Ninth Circuit, certification of a collective action is generally a two-step process."); *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) (two-stage approach is "an effective tool for district courts to use in managing these often complex cases"). At the first stage, where this case currently sits, "the issue is whether plaintiffs have identified other employees who are similarly situated to them, such that they are potential opt-in plaintiffs and should be given notice of the action." *Bolding*, 2017 WL 6406136, at *1. The second stage begins after notice has issued, the opt-in period has expired, discovery has been completed, and "the case is ready to be tried." *Id.* At that point, the Court conducts "a more searching review." *Id.*

With this motion, Plaintiffs respectfully ask the Court to take the first step in the collective action process by finding that other Collective Members are likely to be similarly situated to Plaintiff and authorizing accurate and timely notice pursuant to 29 U.S.C. § 216(b).

**B. Plaintiffs meet the lenient similarly situated standard.**

The standard for determining whether individuals are similarly situated is "lenient" and "usually results in certification." *Bollinger*, 761 F. Supp. 2d at 1119 (quoting *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 468 (N.D. Cal. 2004)). "[T]he similarly situated requirement of 29 U.S.C. § 216(b) is considerably less stringent than the requirement of Fed. R. Civ. P. 23(b)(3) that common questions predominate." *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 n.2 (E.D.N.Y. 1988) (internal quotation marks omitted); *see also Troy v. Kehe Food Distribs., Inc.*, 276 F.R.D. 642, 649 (W.D. Wash. 2011) (noting that "FLSA collective actions are not subject to the numerosity, commonality, and typicality rules of a class action suit brought under Rule 23"). The lenient standard is appropriate because, at this early stage, the plaintiff has not yet had discovery and has access only to "minimal evidence." *See Orquiza v.*



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Walldesign, Inc.*, No. 11-cv-1374, 2012 WL 3561971, at *2 (D. Nev. Aug. 16, 2012) (citations omitted).

"Because 'the sole consequence of conditional certification is the sending of court-approved written notice to employees'. . . little more is required than 'substantial allegations, supported by declarations or discovery, that the putative [collective] members were together the victims of a single decision, policy, or plan and a showing that plaintiffs are generally comparable to those they seek to represent.'" *Bolding*, 2017 WL 6406136, at *1 (citations omitted). At this stage, the court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Douglas v. Xerox Bus. Servs. LLC*, No. 12-cv-1798, 2014 WL 3396112, at *3 (W.D. Wash. July 10, 2014) (citations omitted). Rather, the court need only find there is a "reasonable basis" for plaintiff's claims of widespread injury. *Bollinger*, 761 F. Supp. 2d at 1119 (quoting *Khadera v. ABM Indus., Inc.*, 701 F. Supp. 2d 1190, 1194 (W.D. Wash. 2010)).

Plaintiffs satisfy this lenient burden. The proposed collective includes employees who 1) performed similar job duties; 2) who had similar schedules; 3) who were paid pursuant to the same pay policy; and 4) who all worked uncompensated overtime. Whether Defendants violated the FLSA by engaging in a common policy and practice of paying a flat rate without taking into account all hours actually worked in a workweek is a legal question that is the same for all such members. *See Hickman*, 318 F. Supp. 3d 718 (holding day rate pay compensation scheme violated the FLSA when it did not take into account all hours actually worked in a workweek).

**C. Plaintiffs' FLSA claim should be conditionally certified because Plaintiffs have established a factual basis to support their allegations of a common pay policy affecting courier drivers.**

Applying the above principles, Plaintiffs exceed the lenient burden of demonstrating that Courier Drivers are similarly situated and notice should be issued promptly so all individuals have a chance to find out about and opt in to this lawsuit. Though the parties have



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

not yet conducted extensive discovery, the record already contains a sufficient factual basis to support Plaintiffs' allegations of class-wide FLSA violations.

First, Defendants' Answers and the declarations Plaintiffs provided confirm that Plaintiffs and Courier Drivers are similarly situated. Indeed, Plaintiffs have alleged, and Defendants cannot deny that all Courier Drivers: (a) had similar job duties with the same DHL-dictated requirements; (b) were paid pursuant to the same day rate compensation policies, regardless of their geography or the site where they primarily worked; (c) regularly worked more than forty hours in a week but did not receive proper overtime compensation; and (5) observed other Courier Drivers with similar duties, pay and work hours.

District courts across the country have conditionally certified unpaid overtime day rate cases like those found here, and with far less evidence than Plaintiffs present here. *See, e.g.*, *Ison v. Markwest Energy Partners LP*, No. CV 3:21-0333, 2021 WL 5989084, at *6 (S.D. W. Va. Dec. 17, 2021) (conditionally certifying day rate inspectors); *McElwee v. Bryan Cowdery, Inc.*, No. 2:21-CV-1265, 2021 WL 5027410, at *5 (S.D. Ohio Oct. 29, 2021) (conditionally certifying delivery drivers who delivered packages to FedEx clients and were paid a day rate);*Thrower v. UniversalPegasus, Int'l Inc.*, 484 F. Supp. 3d 473, 487 (S.D. Tex. 2020) (conditionally certifying day rate inspectors); *Kibodeaux v. Wood Grp. Prod. & Consulting Servs., Inc.*, No. 4:16-cv-3277, 2017 WL 1956738, at *2, n.3 (S.D. Tex. May 11, 2017) (conditionally certifying of Consultants who were paid pursuant to a day rate scheme and had similar job duties); *Waltz c. Aveda Transp. & Energy Servs., Inc.*, No. 4:16-cv-00469, 2016 WL 7440267, at *3 (M.D. Pa. Dec. 27, 2016) (conditionally certified a class of employees who were paid pursuant to a day rate scheme and subjected to the same work expectations); *Adams v. Nature's Expressions Landscaping Inc.*, No. 5:16-cv-00098-JMH, 2016 WL 6471455, at *3 (E.D. Ky. Nov. 1, 2016) (granted conditional certification based on several affidavits stating employees were paid under a day rate scheme and not paid overtime compensation); *Cruz v. ConocoPhillips*, 208 F. Supp. 3d 811, 817 (S.D. Tex. 2016) (granting conditional certification of workers who were paid pursuant



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

to a day rate plan without regard to the actual hours worked); *Tamez v. BHP Billiton Petroleum (Americas), Inc.*, No. 5:15-CV-330-RP, 2015 WL 7075971, at * 3 (W.D. Tex. Oct. 5, 2015) (conditionally certifying class of day-rate workers classified as independent contractors regardless of job position where plaintiffs alleged they were paid a fixed amount per day without regard for the number of hours worked); *McQueary v. Confluence Energy, LLC*, No. 14-cv-2274, 2015 WL 1186603, at *2 (D. Colo. Mar. 12, 2015) (conditionally certifying employees paid on a day rate basis and who worked more than forty hours in any work week); *Sandel v. Fairfield Indus., Inc.*, No. 13-cv-1596, 2014 WL 1379902, at *1 (S.D. Tex. Apr. 8, 2014) (conditionally certifying employees who were paid on a day rate and held various job titles within defendant's "Seismic Crew"); *Prejean v. O'Brien's Response Mgmt., Inc.*, Nos. 12-1045, 12-1716, 12-1533, 2013 WL 5960674, at *7 (E.D. La. Nov. 6, 2013) (granting conditional certification focusing on the common policy of paying a day rate); *Akins v. Worley Catastrophe Response, LLC*, No. 12-cv-2401, 2013 WL 1412371, at *6 (E.D. La. Apr. 8, 2013) (holding "[p]laintiffs' evidence shows that all evaluators were required to work 10– to 12–hour days for more than five days each week and were paid a fixed day rate, without any guarantee and without receiving any overtime pay. They have established the minimum requirements for a pay policy or practice that was generally applicable to all potential collective action members."); *Maudlin v. Johnny Kynard Logging, Inc.*, No. 08-cv-307, 2009 WL 455479, at *4 (S.D. Ala. Feb. 20, 2009) (granting conditional certification where the "purported plaintiffs are similarly situated in that all state that they were paid a flat day rate (which defendant concedes) regardless of the number of hours worked…").

Plaintiffs have met their lenient burden to support that other Courier Drivers should be notified and provided an opportunity to participate and toll their statute of limitations.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**D. The Court should approve the proposed notice forms and order Defendants to produce identifying information for similarly situated employees.**

The benefits of the collective action mechanism "depend on employees receiving accurate and timely notice . . . so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170. Prompt court involvement is necessary both "to ensure[] that 'the task is accomplished in an efficient and proper way'" and because the claims of potential opt-in plaintiffs are being diminished or extinguished by the running of the statute of limitations. *Bollinger*, 761 F. Supp. 2d at 1122 (quoting *Hoffmann-La Roche*, 493 U.S. at 171). "[E]very day that passes is a day of damages each potential opt-in plaintiff will be unable to recover. Court-facilitated notice will prevent the continued erosion of these claims." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007).

1. <u>Plaintiffs' proposed notice forms are accurate and informative, and the proposed notice methods are appropriate</u>.

Plaintiffs' proposed notice provides potential opt-in plaintiffs with an accurate description of this lawsuit as well as their rights under the FLSA. *See* Marshall Decl., Exs. 1-3.

U.S. Mail, email, and a case-specific website are all appropriate ways for potential opt-in plaintiffs to receive notice and submit consent forms. Courts agree that the issuance of notice in these ways will ensure that all proposed collective members are reached as soon as possible. *See Bazzell v. Body Contour Centers, LLC*, C16-0202JLR, 2016 WL 3655274, at *6-8 (W.D. Wash. July 8, 2016) (approving notice via U.S. mail and email); *see also Atkinson v. TeleTech Holdings, Inc.*, No. 14-cv-253, 2015 WL 853234, at *5 (S.D. Ohio Feb. 26, 2015) (recognizing that sending notice by both mail and email "advances the remedial purpose of the FLSA" and is "in line with the current nationwide trend"); *Rhodes v. Truman Med. Ctr., Inc.*, No. 13-cv-990, 2014 WL 4722285, at *5 (W.D. Mo. Sept. 23, 2014) ("[E]mail provides an efficient and cost-effective means of disseminating notice documents and has been endorsed by courts in the past."); *Prejean v. O'Brien's Response Mgmt., Inc.*, No. 12-cv-1045, 2013 WL 5960674, at *10 (E.D. La. Nov. 6, 2013) (granting request for notice by mail and email since "notice by both e-mail and



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

first-class mail is both routine and reasonably calculated to accomplish the broad remedial goals of the notice provision of the FLSA").

Emailed notice is especially important given the Covid-19 pandemic, during which traditional where mail has been unusually slow and unreliable. Moreover, as one court recognized in 2015, arguments about the appropriateness of email notice should "rarely" be entertained: "Email is not the wave of the future; email is the wave of the last decade and a half. Many people use their email address as their primary point of contact, and in almost every situation, more opt-in plaintiffs will be on notice of a pending collective action if the putative class members are also notified via email." Marshall Decl., Ex. 8 (*Rodriguez v. Stage 3 Separation, LLC*, Slip Op., No. 14-cv-603, at *2 n.1 (W.D. Tex. Mar. 16, 2015), ECF 57); *see also Syed v. M-I, L.L.C.,* No. 1:12-cv-1718, 2014 WL 6685966, at *8 (E.D. Cal. Nov. 26, 2014) (finding that "email is an increasingly important means of contact" and ordering that notice be sent via hardcopy mail and email to all potential opt-ins); *Guy v. Casal Institute of Nevada, LLC*, No. 2:13-cv-2263, 2014 WL 1899006 (D. Nev. May 12, 2014), ("email is an efficient, reasonable, and low cost supplemental form of notice").

Potential opt-in plaintiffs should be given 90 days to submit claim forms. *See Bazzell*, 2016 WL 3655274, at *6 & n.8; *see also Senne v. Kan. City Royals Baseball Corp.*, No. 14-cv-608, 2015 WL 6152476, at *19 (N.D. Cal. Oct. 20, 2015) ("[T]imeframes of sixty to ninety days appear to have become the presumptive standard in this District.") (quoting *Sanchez v. Sephora USA, Inc.*, No. 11-cv-3396, 2012 WL 2945753, at *6 (N.D. Cal. July 18, 2012)).

2. <u>A reminder notice is appropriate</u>.

The Court should also authorize a reminder notice, attached as Exhibit 2 to the Marshall Declaration, to proposed collective members who have not submitted consent forms as of 45 days before the opt-in deadline. *Knox v. Jones Grp.*, 208 F. Supp. 3d 954, 964-65 (S.D. Ind. 2016) ("Deadline reminders are commonplace and will not appear to endorse the merits of the case."). Courts routinely allow such reminder notices. *See, e.g.*, *Bazzell*, 2016 WL 3655274 at *6



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(approving sending of reminder letter on or about 15 days before opt-in deadline); *Kidd v. Mathis Tire & Auto Serv., Inc.*, No. 14-cv-2298, 2014 WL 4923004, at *3 (W.D. Tenn. Sept. 18, 2014) (finding reminder proper); *Thomas v. Kellogg Co.*, No. 13-cv-5136, 2014 WL 716152, at *3 (W.D. Wash. Jan. 9, 2014) (approving a post-card reminder to all class members who did not return opt-in form within 30 days); *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate.").

3. The Court should order Defendants to produce information necessary for Plaintiffs to disseminate notice to the proposed collective.

The identification of potential members of the collective is necessary for Plaintiff to notify them of the action as contemplated by the FLSA. *See Hoffmann-La Roche*, 493 U.S. at 170 (affirming district court decision permitting discovery of names and addresses of proposed class members). Accordingly, the Court should order Defendants to provide Plaintiff with a list of all potential opt-in plaintiffs and their contact information. To enable notice to be sent in a timely and effective fashion, Plaintiff specifically asks that the Court direct Defendants to produce, within seven days of its order, an electronic list of all persons who fit within the proposed class, including each proposed collective member's: (1) name, (2) last known mailing address, (3) last known telephone number, (4) last known personal email address, (5) job title, (6) dates and location of employment, (7) employee number, (8) date of birth, and (9) Social Security number (last four digits only).[3] Such an order is common under these circumstances and necessary to facilitate effective notice. *See, e.g.*, *Thomas*, 2014 WL 716152, at *2-3 (ordering defendants to provide contact information, "including last four digits of the [S]ocial [S]ecurity numbers of the class members whose notices [were] returned without forwarding addresses" and to produce

[3] The last four digits of a Social Security number and a date of birth are useful in tracking change of address information.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the data "in a manipulable electronic format such as Microsoft Excel"). The information requested will aid in the prompt dissemination of the Court-approved notice.

**E. The Court should equitably toll the statute of limitations for potential opt-in Plaintiffs.**

Plaintiff respectfully asks the Court to prospectively toll the statute of limitations for all opt-in plaintiffs from September 11, 2022—thirty days after the consideration date of this motion—to the date of the Court's decision. As the Court has previously recognized, prospective equitable tolling is warranted both to account for scheduling or procedural delays beyond the control of Collective Members and given the remedial nature of the FLSA. *See Douglas v. Xerox Bus. Servs., LLC*, No. 12-cv-1798, 2014, 2014 WL 11320703, at *4-5 (W.D. Wash. Nov. 21, 2014); *see also McNutt v. Swift Transp. Co. of Az., LLC*, No. C18-5668 BHS, 2020 WL 3819239, at *9-10 (W.D. Wash. 2020) ("the period attributable to the Court represents a substantial delay beyond Plaintiffs' control"). Because the claims already were tolled 81 days pending mediation, Plaintiffs respectfully request that the Court enter an order authorizing notice to potential opt-in Plaintiffs who performed work for Defendants between August 25, 2018 and the present, which is three years plus 111 days before the Complaint was filed.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request the Court to conditionally certify this case as a collective action, approve the proposed notice plan, order production of the collective list, and toll the statute of limitations for potential opt-in plaintiffs as necessary.

RESPECTFULLY SUBMITTED AND DATED this 15th day of July, 2022.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726
Email: tmarshall@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Ryan Tack-Hooper, WSBA #56423
Email: ryan@terrellmarshall.com



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Camille Fundora Rodriguez, *Admitted Pro Hac Vice*
Email: crodriguez@bm.net
Alexandra K. Piazza, *Admitted Pro Hac Vice*
Email: apiazza@bm.net
Reginald Streater, *Pro Hac Vice Forthcoming*
Email: rstreater@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620

*Attorneys for Plaintiffs and the Proposed Collective and Class*