THE HONORABLE TIFFANY M. CARTWRIGHT

1

2

3

4

5

6                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
7

8   DAKOTA ROBERTS, DAWN MARIE HACKER,
    and HEATHER MADSEN, individually and on          Case No. 3:21-cv-05912-TMC
9   behalf of all persons similarly situated,
                                                     **AMENDED COLLECTIVE ACTION**
10                    Plaintiffs,                     **COMPLAINT**

11        v.                                          **JURY TRIAL DEMANDED**

12
    SIDWELL AIR FREIGHT, INC, and DHL EXPRESS
13  (USA) INC., d/b/a DHL EXPRESS,

14                    Defendants.

15

16

17          **I.       AMENDED COLLECTIVE ACTION COMPLAINT**

18          Plaintiffs Dakota Roberts Dawn Marie Hacker, and Heather Madsen ("Plaintiffs"),

19   through their undersigned counsel, individually, and on behalf of all persons similarly situated,

20   file this Amended Collective Action Complaint ("Complaint") against Defendants Sidwell Air

21   Freight ("Sidwell") and DHL Express (USA) Inc. d.b.a. DHL Express ("DHL")(collectively,

22   "Defendants") seeking all available remedies under the Fair Labor  Standards Act ("FLSA"), 29

23   U.S.C. §§ 201, *et seq.*. This Amended Collective Action Complaint is being filed with Defendants'

24   consent pursuant to Fed. R. Civ. P. 15(a)(2), and it relates back to the date of the original

25   pleading pursuant to Fed. R. Civ. P. 15(c). The following allegations are based on personal

26   knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts

27   of others.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## II.       INTRODUCTION

1.      Defendant Sidwell provides last-mile delivery services to Defendant DHL.

2.      Defendants jointly employ non-exempt Courier Drivers, such as Plaintiffs and members of the proposed Collective, to transport packages from DHL's facilities to DHL's customers ("Courier Drivers" or "Drivers").

3.      This case is about Defendants' failure to comply with applicable wage and hour laws and to pay non-exempt Courier Drivers all wages owed—including overtime—for work performed in delivering hundreds of DHL packages each day and meeting DHL's delivery needs throughout Washington and other states.

## III.       JURISDICTION AND VENUE

4.      This action arises under the FLSA, 29 U.S.C. §§ 201-219. As a federal law claim, the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

5.      This Court has supplemental jurisdiction over Washington Drivers' state law claims under 28 U.S.C. § 1367(a) because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the Constitution.

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendants reside, maintain offices, and/or conduct business in this Judicial District, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this Judicial District.

## IV.       PARTIES

7.      Plaintiff Dakota Roberts is a citizen of Washington and resides in Chehalis, Washington. Plaintiff Roberts worked for Defendants as a Courier Driver in and around the Seattle, Tacoma, and Olympia, Washington areas from October 2016 until February 2021. Pursuant to 29 U.S.C. § 216(b), Plaintiff Roberts has consented to be a plaintiff in this action. *See* Ex. A.

8.      Plaintiff Dawn Marie Hacker is a citizen of Washington and resides in Bremerton, Washington. Plaintiff Hacker worked for Defendants as a Courier Driver in and around the Port

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Orchard, Silverdale, Poulsbo, Keyport, Bangor, Sequim, Seabeck, Dewatto, and Port Townsend, Washington areas from January 2020 until October 2021. Pursuant to 29 U.S.C. § 216(b), Plaintiff Hacker has consented to be a plaintiff in this action. *See* Ex. B.

9.      Plaintiff Heather Madsen is a citizen of Utah. Plaintiff Madsen worked for Defendants as a Courier Driver in Utah from June 2021 to December 2022. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. *See* Ex. C.

10.     Defendant Sidwell is a corporation headquartered at 256 N. State St. C, Morgan, UT 84050. Sidwell operates throughout the United States and maintains facilities across Washington, including within this Judicial District.

11.     Defendant DHL is an Ohio corporation and is headquartered at DHL's corporate office located at 1210 S. Pine Island Rd. Suite 400, Plantation, FL. DHL operates throughout the United States and maintains facilities across Washington, including within this Judicial District.

12.     The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of the Defendants.

13.     During times relevant, Plaintiffs were employees of the Defendants and are covered by the FLSA.

14.     Each Defendant is an employer covered by the FLSA.

15.     Defendants employ individuals, including Courier Drivers, in Washington, Utah, and other states.

16.     Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

17.     Defendants' annual gross volume of sales exceeds $500,000.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## V.    COLLECTIVE DEFINITION

2    18.    Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as

3    a collective action, individually, and on behalf of the following collective:

4

5

6

> All current and former Courier Drivers or delivery drivers who were
> paid by Defendant Sidwell to perform work on behalf of DHL in the
> United States during the applicable limitations period (the "FLSA
> Collective" or "Collective").

7    19.    Plaintiffs reserve the right to redefine the Collective before notice or

8    certification, and thereafter, as may be warranted or necessary.

9

## VI.    FACTS

10   **A.    Defendants Are Joint Employers**

11   20.    Defendant DHL is the world's leading delivery company, with a team of shipping

12   professionals that transport goods to customers across the United States, as well as in other

13   countries and territories, in a short period of time.

14   21.    Defendant DHL holds itself out as a company able to provide domestic and

15   international parcel pickup, delivery, and return solutions for business customers and individual

16   customers, as well as e-commerce solutions and facilitation services.

17   22.    Defendant DHL and the local and regional delivery vendors it partners with, such

18   as Defendant Sidwell, are in the business of delivering goods across the United States.

19   23.    Defendant DHL utilizes local and regional delivery vendors, such as Sidwell, to

20   transport goods across the country to customers in a short period of time.

21   24.    Defendant DHL relies on local and regional delivery vendors, such as Sidwell, for

22   the essential services of transporting goods from DHL facilities to customers' doors as quickly as

23   possible.

24   25.    The local and regional delivery vendors, such as Sidwell, are an integral part of

25   DHL's business. Without the use of delivery vendors, such as Sidwell, DHL could not get their

26   goods to customers.

27

AMENDED COLLECTIVE ACTION COMPLAINT - 4
Case No. 3:21-cv-05912-TMC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

26.     Defendant DHL attempts to shield itself from liability by utilizing third-party delivery vendors, such as Sidwell, to provide the employees to transport their goods.

27.     Defendant Sidwell provides delivery services for Defendant DHL at one or more of DHL's ServicePoint locations through the use of Courier Drivers such as Plaintiffs and members of the proposed Collective.

28.     Courier Drivers are engaged to fulfill DHL's delivery needs and to transport goods from DHL ServicePoint locations to DHL customers.

29.     Courier Drivers work in the transportation industry.

30.     As required by DHL, Sidwell provides Courier Drivers, such as Plaintiffs and other Courier Drivers, with a DHL-branded vehicle. Plaintiff Roberts worked as a Courier Driver for Sidwell from October 2016 until August 2021, making deliveries on behalf of DHL, in and around the Seattle, Tacoma, and Olympia, Washington areas. Plaintiff Hacker worked as a Courier Driver Sidwell between January 2020 and October 2021, making deliveries on behalf of DHL, in and around the Port Orchard, Silverdale, Poulsbo, Keyport, Bangor, Sequim, Seabeck, Dewatto, and Port Townsend, Washington areas. Plaintiff Madsen worked as a Courier Driver for Sidwell from June 22, 2021 until December 2022, making deliveries on behalf of DHL, in Utah.

31.     The goods that Courier Drivers transport from DHL ServicePoint locations to DHL customers originate, or are transformed into their final condition, in a different state than the delivery state.

32.     The goods the Courier Drivers transport from DHL ServicePoint locations to DHL customers are not transformed or modified during the shipping process.

33.     Courier Drivers deliver goods to DHL customers in the same condition as when they were shipped to the DHL ServicePoint.

34.     Courier Drivers deliver goods to DHL customers that were shipped from around the United States.

35.     Courier Drivers handle goods that travel interstate.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

36.     Courier Drivers are directly responsible for transporting goods in interstate commerce.

37.     Courier Drivers operate vehicles in order to deliver DHL packages, which is vital to the commercial enterprise of the local and regional delivery vendors and DHL.

38.     A strike by Courier Drivers would disrupt interstate commerce.

39.     Plaintiffs and other Courier Drivers are necessary in order for DHL goods traveling interstate to make it to their final destination—DHL customers.

40.     At all times relevant, DHL has been affiliated with and/or operating with Sidwell, with respect to Plaintiffs and other similarly situated employees, such that DHL and Sidwell are "joint employers" of Plaintiffs and other similarly situated employees.

41.     Courier Drivers for the local and regional delivery vendors, including Sidwell, are required to wear DHL-branded uniforms while making deliveries and are further equipped with DHL-branded badges.

42.     When Courier Drivers present themselves to DHL customers, they are identifiable as DHL associates.

43.     Courier Drivers are provided with a DHL-issued handheld scanner. The handheld scanner is used for navigation assistance, package scanning, and as a phone. The scanner allows DHL to contact and track a Courier Driver's movement and work progress.

44.     DHL has direct access to the handheld scanners, which are given to and used by each Courier Driver.

45.     DHL assigns and provides routes to local and regional delivery vendors, including Sidwell.

46.     DHL oversees and controls the work activities, work schedules, conditions and management of Courier Drivers.

47.     Throughout their employment with Defendants, Courier Drivers are required to comply with DHL's operational procedures and in meeting DHL's work expectations.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

48.     DHL's policies and expectations regarding payment and delivery goals dictated the delivery vendors' ability to pay Courier Drivers properly for their overtime work.

49.     DHL knew or should have known that Courier Drivers were not being paid properly for their overtime work as alleged in this Amended Complaint.

**B.     The Nature of Plaintiffs' and Other Courier Drivers' Work**

50.     The nature of the work performed by Courier Drivers is similar and standardized at each of the DHL ServicePoints where Sidwell provides services for DHL, as the nature of the work is centrally controlled and directed by Defendants.

51.     At all times during the relevant period, Plaintiff Roberts began his shift by driving the DHL van from his home to the designated DHL ServicePoint, where he picked up a handheld scanning device and packages. At all times relevant, Plaintiff Hacker also began her shift by driving the DHL van from her home to the designated DHL ServicePoint. Plaintiff Madsen began her shift by driving to the hub/warehouse where she picked up a handheld scanning device. Then, she would sort through the packages that came off the plane and load up her DHL Van. Plaintiffs have observed other Courier Drivers working similar schedules.

52.     At all times during the relevant period, Plaintiffs and other Courier Drivers have been regularly scheduled to work five or more days per week, with shifts that often exceed ten hours in length.

53.     Upon information and belief, Plaintiffs and other Courier Drivers have been required to complete their assigned routes regardless of the length of their shifts.

54.     Upon information and belief, the work-related activities that Plaintiffs and other Courier Drivers have been required to and do perform often take ten to fourteen hours per day to complete.

55.     Plaintiffs have regularly worked in excess of ten hours each workday, sometimes as much as fourteen hours per workday. Plaintiffs have observed that other Courier Drivers have routinely worked similar hours.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

56.     Plaintiffs regularly worked in excess of forty hours per week. Plaintiffs observed that other Courier Drivers have routinely worked similar hours.

57.     Defendants unilaterally select the parcels and the quantity to be delivered. Plaintiffs and other Courier Drivers cannot reject delivery assignments.

58.     Due to the volume of work, Plaintiffs have been unable to take rest breaks and have routinely missed meal breaks as well. The missed rest and meal breaks resulted in unpaid off-the-clock work. Plaintiffs have observed that other Courier Drivers routinely work through their rest breaks and meal period and worked off-the-clock.

59.     Defendants have failed to provide Plaintiffs and other Courier Drivers with a thirty-minute meal break for every five hours worked and have failed to ensure that Plaintiffs and Courier Drivers took or are taking all their meal breaks.

60.     Defendants also have failed to provide Plaintiffs and other Courier Drivers with a paid ten-minute rest break for every four hours of work, have required Plaintiffs and other Courier Drivers to work more than three consecutive hours without a rest break, and have failed to ensure that Plaintiffs and other Courier Drivers take proper breaks.

61.     Plaintiffs and other Courier Drivers are non-exempt for overtime purposes.

C.     **Defendants Failed to Pay Courier Drivers Properly**

62.     Plaintiffs and other Courier Drivers have regularly worked more than forty hours per week.

63.     Plaintiffs and other Courier Drivers have regularly worked five or more days per week and ten or more hours per day.

64.     Defendants have been aware that Plaintiffs and other Courier Drivers regularly work more than forty hours per week.

65.     Defendants have not properly compensated Plaintiffs and other Courier Drivers for all hours worked.

66.     Plaintiffs or other Courier Drivers were not paid for all hours worked in excess of forty hours in a workweek and have not paid proper overtime premiums.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1      67.    Courier Drivers are paid a fixed amount per day, without regard to the number

2  of hours that Courier Drivers worked, and regularly have not paid overtime premiums for all

3  hours worked in excess of forty  in a workweek.

4      68.    Plaintiff Roberts was paid a flat rate totaling $157.50 per day, and he was not

5  paid an overtime premium despite regularly working more than forty hours per week.

6      69.    Plaintiff Hacker was paid a flat rate totaling $150 per day, and she was not paid

7  an overtime premium despite working more than forty hours per week.

8      70.    Plaintiff Madsen was paid a flat rate totaling $170 per day, and she is not paid an

9  overtime premium despite working more than forty hours per week.

10      71.    Plaintiff Roberts regularly worked approximately fifty to sixty hours per week.

11      72.    Plaintiff Hacker regularly worked approximately fifty to sixty hours per week.

12      73.    Plaintiff Madsen regularly worked fifty to fifty-five hours per week.

13      74.    Sidwell refers to its flat-rate wage payments as being split into a "Daily Wage"

14  rate and a "Daily Wage Overtime" rate. For example, Sidwell paid Plaintiff Roberts $130 per day

15  as the "Daily Wage" rate and $27.50 per day as the "Daily Wage Overtime" rate. Sidwell

16  likewise paid Plaintiff Hacker $125 per day as the "Daily Wage" rate and $25 per day as the

17  "Daily Wage Overtime" rate. Sidwell paid Plaintiff Madsen $150 per day as her "Daily Wage"

18  and $20 per day as "Daily Wage Overtime" rate.

19      75.    Sidwell's framing of flat-rate payments as being split into a regular flat rate per

20  day and an overtime flat rate per day is a willful attempt to circumvent the FLSA.

21      76.    For example, during the week ending January 31, 2021, Plaintiff Roberts was

22  paid a flat rate of $157.50 per day. Plaintiff Roberts worked five days that week for a total of

23  55.2 hours. His compensation for the week was $787.50 ($157.50 x 5). Therefore, his regular

24  rate of pay for that week was $14.27 ($787.50/55.2). Because Plaintiff Roberts worked in excess

25  of forty hours that week, he should have been paid an overtime premium of $108.45, which

26  equals one-half his regular rate of pay ($7.14) multiplied by the 15.2 hours of overtime that he

27  worked.

AMENDED COLLECTIVE ACTION COMPLAINT - 9
Case No. 3:21-cv-05912-TMC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

77.     As a further example, Plaintiff Hacker was paid a flat rate of $150.00 per day. Plaintiff Hacker was paid a flat rate of $150.00 per day. Plaintiff Hacker worked four days that week, and her total hours for the week were more than forty. Her compensation for the week was $600 ($150.00 x 4). Because Plaintiff Hacker worked in excess of forty hours that week, she should have been paid an overtime premium equal to one-half her regular rate of pay multiplied by the hours of overtime she worked.

78.     Defendants have paid and do pay Courier Drivers, such as Plaintiffs, pursuant to the same unlawful flat-rate pay policy, without paying overtime premiums for all hours of work performed in excess of forty hours per workweek.

79.     Defendants' unlawful flat-rate policy, in which Plaintiffs and other Courier Drivers are not compensated for all time worked and are not paid overtime premiums for all hours worked in excess of forty per workweek, does not comply with the requirements of the FLSA.

80.     Defendants have not accurately recorded and tracked all of the hours worked by Plaintiffs and other Courier Drivers and therefore have failed to compensate Plaintiffs and the proposed collective action members at one and one-half times the regular rate of pay for hours worked over forty hours in a week.

81.     In addition, Defendants have failed to make, keep, and preserve records with respect to Plaintiffs and other Courier Drivers sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by federal. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

**D.      The Failure to Properly Pay Courier Drivers Is Willful**

82.     Defendants' actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

83.     Even though the FLSA requires overtime premium compensation for hours worked over forty hours per week, Defendants did not and do not pay Courier Drivers, such as Plaintiffs, proper overtime compensation for overtime hours worked.

84.     Defendants know, or absent their own recklessness should have known, that the Courier Drivers are or were entitled to such overtime premiums.

85.     Defendants have failed to pay Plaintiffs and other Courier Drivers all overtime compensation owed.

86.     By failing to pay all the compensation owed to Plaintiffs and other Courier Drivers, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

87.     Defendants have not made good-faith efforts to comply with the FLSA.

**VII.     COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

88.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

89.     Plaintiffs desire to pursue their FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

90.     Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common pay practices and, as a result of such practices, were not paid for all hours worked and were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

91.     Specifically, Defendants have failed to compensate Plaintiffs for all hours worked and have failed to pay overtime at one-and-a-half times the employee's regular rate as required by the FLSA for hours worked in excess of forty per workweek.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

92.     The similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' business records and the records of any payroll companies Defendants use.

93.     Defendants employ many FLSA Collective Members throughout Washington, Utah and other states. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

### VIII.     COUNT I
### FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (On Behalf of Plaintiffs and the FLSA Collective)

94.     Plaintiffs restate and incorporates by reference the above paragraphs.

95.     Under 29 U.S.C. § 216(b), Plaintiffs bring this count on behalf of themselves and the FLSA Collective.

96.     Because they were hired, paid, and had their work controlled by Defendants, Plaintiffs and members of the FLSA Collective each qualify as an "employee" under 29 U.S.C. § 203(e)(1).

97.     Based on their business operations in package delivery, Defendants are each an "employer" engaged in interstate commerce under 29 U.S.C. § 203(d).

98.     At all relevant times, as part of Defendants' business operations, Plaintiffs and members of the FLSA Collective were engaged in interstate commerce and/or in the production of goods for commerce under 29 U.S.C. § 207(a).

99.     29 U.S.C. § 207 requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

100.    Plaintiffs and Collective Members are not exempt from the requirements of the FLSA.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

101.    As employers of Plaintiffs and the FLSA Collective, Defendants suffered and permitted Plaintiffs and members of the FLSA Collective to work more than forty hours per workweek within the statutory period without paying them overtime compensation required by 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

102.    Defendants' actions, policies, and practices described above violated the FLSA's overtime requirement because Defendants regularly and repeatedly failed to pay required overtime compensation to Plaintiffs and members of the FLSA Collective.

103.    Defendants also failed to create, keep, and preserve accurate records with respect to work performed by the Plaintiffs and Collective Members sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

104.    In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

105.    As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and members of the FLSA Collective have suffered damages. Plaintiffs and the FLSA Collective are entitled to recover actual damages, liquidated damages, prejudgment interest, attorneys' fees, and costs under 29 U.S.C. § 216(b).

106.    Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and members of the FLSA Collective. As a result, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## IX.     COUNT II
## WASHINGTON MINIMUM WAGE ACT
## FAILURE TO PAY OVERTIME
### (On Behalf of Plaintiffs Roberts and Hacker and Collective Members who drove in Washington)

107.    Plaintiffs Roberts and Hacker restate and incorporate by reference the above paragraphs.

108.    Plaintiffs Roberts and Hacker and Collective Members who drove in Washington were at all relevant times employees under RCW 49.46.010(3).

109.    RCW 49.46.130 requires employers to pay employees one and one-half times the regular rate at which they are employed for all hours worked over forty per workweek.

110.    RCW 49.46.090 makes employers who violate RCW 49.46.130 liable to the affected employees in the amount of unpaid wages, costs, attorneys' fees, and other appropriate relief under the law.

111.    Defendants' actions, policies, and practices as described above violated RCW 49.46.130 because Defendants regularly and repeatedly failed to compensate Plaintiffs Roberts and Hacker and Collective Members who drove in Washington at the required overtime rate.

112.    By failing to accurately record, report, or preserve records of hours worked by Plaintiffs Roberts and Hacker and Collective Members who drove in Washington, Defendants have failed to make, keep, and preserve records about each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of Washington law. *See* WAC 296-126-050 (requiring "[e]very employer shall keep for at least three years a record of the name, address, and occupation of each employee, dates of employment, rate or rates of pay, amount paid each pay period to each such employee and the hours worked"); WAC 296-128-010(6) (requiring employer to keep records of the "[h]ours worked each workday and total hours worked each week"); WAC 296-128-020 (requiring employers to maintain those records for at least three years).

AMENDED COLLECTIVE ACTION COMPLAINT - 14
Case No. 3:21-cv-05912-TMC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

113.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs Roberts and Hacker and Collective Members who drove in Washington have suffered damages. Plaintiffs Roberts and Hacker and Collective Members who drove in Washington are entitled to recover actual damages, prejudgment interest, attorneys' fees, and costs.

**X.     COUNT III**
**FAILURE TO PROVIDE MEAL AND REST BREAKS**
**AND ENSURE THOSE BREAKS ARE TAKEN**
**(On Behalf of Plaintiffs Roberts and Hacker and Collective Members who drove in Washington)**

114.     Plaintiffs Roberts and Hacker and Collective Members who drove in Washington restate and incorporate by reference the above paragraphs.

115.     RCW 49.12.010 provides:

> The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect.

116.     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

117.     Pursuant to RCW 49.12.005(5) and WAC 296-126-002(9), conditions of labor "means and includes the conditions of rest and meal periods" for employees.

118.     WAC 296-126-092 provides:

> (1)     Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. No employee shall be required to work more than five consecutive hours without a meal period.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(2) Employees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period.

(3) Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

(4) Where the nature of the work allows employees to take intermittent rest periods equivalent to ten minutes for each four hours worked, scheduled rest periods are not required.

119. Defendants implemented a policy and practice of failing to provide Plaintiffs Roberts and Hacker and Collective Members who drove in Washington with the meal and rest breaks to which they were entitled, failing to ensure those breaks were taken, failing to record missed breaks, and failing to pay for missed breaks.

120. Because Plaintiffs Roberts and Hacker and Collective Members who drove in Washington have failed to receive the meal and rest breaks to which they were entitled, Defendants have violated WAC 296-126-092.

121. Because Plaintiffs Roberts and Hacker and Collective Members who drove in Washington were constantly engaged in work activities during their paid rest breaks in violation of the WAC 296-126-092, Plaintiffs Roberts and Hacker and Collective Members who drove in Washington should be additionally compensated for ten minutes each for each rest break missed. See *Washington State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wn.2d 822, 287 P.3d 516 (2012).

122. Because Plaintiffs Roberts and Hacker and Collective Members who drove in Washington were constantly engaged in work activities during their paid meal breaks in violation of the WAC 296-126-092, Plaintiffs Roberts and Hacker and Collective Members who drove in Washington should be additionally compensated for thirty minutes each for each meal

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    break missed.  The additional thirty minutes for missed meal breaks is additional overtime

2    hours worked.

3        123.    Because Plaintiffs Roberts and Hacker and Collective Members who drove in

4    Washington were constantly engaged in work activities during their paid meal breaks in

5    violation of the WAC 296-126-092, Plaintiffs Roberts and Hacker and Collective Members who

6    drove in Washington should be additionally compensated for thirty minutes for each meal

7    break missed. *See Hill v. Garda CL Nw., Inc.*, 198 Wn. App. 326, 361-62, 394 P.3d 390 (2017)

8    ("We hold that treating violations of meal period requirements as wage violations is consistent

9    with *Wingert*."), *rev'd on other grounds*, 191 Wn.2d 553, 424 P.3d 207 (2018).

10       124.    As a result of these unlawful acts, Plaintiffs Roberts and Hacker and Collective

11   Members who drove in Washington have been deprived of compensation in amounts to be

12   determined at trial. Plaintiffs Roberts and Hacker and Collective Members who drove in

13   Washington are entitled to the recovery of such damages, including interest thereon, and

14   attorneys' fees and costs under RCW 49.48.030.

15                          **XI.      COUNT IV**
16                   **WASHINGTON WAGE REBATE ACT**
                      **WILLFUL REFUSAL TO PAY WAGES**
17   **(On Behalf of Plaintiffs Roberts and Hacker and Collective Members who Drove in**
                                **Washington)**

18       125.    Plaintiffs Roberts and Hacker restate and incorporate by reference the above
19
     paragraphs.
20
         126.    Plaintiffs Roberts and Hacker and Collective Members who drove in Washington
21
     were at all relevant times employees under RCW 49.46.010(3) and RCW 49.52.050.
22
         127.    RCW 49.52.050 provides that any employer or agent of any employer who,
23
24   "[w]ilfully and with intent to deprive the employee of any party of his wages, shall pay any

25   employee a lower wage than the wage such employer is obligated to pay such employee by any

     statute, ordinance, or contract" shall be guilty of a misdemeanor.
26

27

AMENDED COLLECTIVE ACTION COMPLAINT - 17
Case No. 3:21-cv-05912-TMC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

128.     Defendants' violations of RCW 49.46.130, RCW 49.12.020, and WAC 296-126-092, as discussed above, have been willful and thus violate RCW 49.52.050.

129.     RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 is liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

130.     As a result of the willful, wrongful acts of Defendants, Plaintiffs Roberts and Hacker and Collective Members who drove in Washington have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiffs Roberts and Hacker and Collective Members who drove in Washington are therefore entitled to recover twice such damages as well as attorneys' fees and costs

### XII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

A.      An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B.      Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

C.      For unpaid wages as may be owed and prejudgment interest to the fullest extent permitted under the law;

D.      Liquidated and exemplary damages to the fullest extent permitted under the law;

E.      Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

F.      Such other and further relief as this Court deems just and proper.

### XIII.     JURY DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   RESPECTFULLY SUBMITTED AND DATED this 31st day of May, 2024.

2                                    TERRELL MARSHALL LAW GROUP PLLC

3
                                     By: /s/Toby J. Marshall, WSBA #32726
4                                        Toby J. Marshall, WSBA #32726
                                         Email: tmarshall@terrellmarshall.com
5                                        Jennifer Rust Murray, WSBA #36983
                                         Email: jmurray@terrellmarshall.com
6                                        Ryan Tack-Hooper, WSBA #56423
                                         Email: ryan@terrellmarshall.com
7                                        936 North 34th Street, Suite 300
                                         Seattle, Washington 98103
8                                        Telephone: (206) 816-6603
9

10                                       Camille Fundora Rodriguez, *Admitted Pro Hac Vice*
                                         Email: crodriguez@bm.net
11                                       Michael J. Anderson, *Admitted Pro Hac Vice*
                                         Email: manderson@bm.net
12                                       BERGER MONTAGUE PC
                                         1818 Market Street, Suite 3600
13                                       Philadelphia, PA 19103
                                         Telephone: (215) 875-3000
14

15
                                         Alexandra K. Piazza, *Admitted Pro Hac Vice*
16                                       Email: apiazza@bm.net
                                         BERGER MONTAGUE PC
17                                       1001 G Street NW, Suite 400 East
                                         Washington, D.C. 20001
18                                       Telephone: 215-875-3063
19

20                                       Mariyam Hussain, *Admitted Pro Hac Vice*
                                         Email: mhussain@bm.net
21                                       BERGER MONTAGUE PC
                                         1720 W. Division Street
22                                       Chicago, IL 60622
                                         Telephone: 773-666-4316
23

24                                       *Attorneys for Plaintiffs and the*
                                         *Proposed Collective and Class*
25

26

27

AMENDED COLLECTIVE ACTION COMPLAINT - 19
Case No. 3:21-cv-05912-TMC